# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60604
Summary Calendar

JUAN ARNOLDO LEON-HERNANDEZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 987 287

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Arnoldo Leon-Hernandez, a native and citizen of Guatemala, petitions for review of an order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) decision to deny his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leon-Hernandez argues that the BIA wrongly upheld the IJ's finding that he did not suffer harm on account of his race and membership in a particular social group. He asserts that there is ample evidence that he was threatened and attacked by a guerilla group after he refused to ally his peasant cooperative with the guerillas' agenda, and that he more likely than not would be persecuted by the guerillas if he returned to Guatemala. In response, the Government argues that Leon-Hernandez has abandoned any challenge to the BIA's order because he has not addressed the BIA's determination that the alleged persecution had no nexus to one of the statutory grounds for relief.

Leon-Hernandez does not challenge the BIA's conclusion that he was ineligible for asylum. He also does not identify error in the BIA's holding that he did not qualify for CAT relief. He therefore has abandoned any challenge to those determinations. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Leon-Hernandez also has failed to challenge the BIA's holding that he is not entitled to withholding of removal. He specifically fails on appeal to identify error in the determination that the guerillas' attempted recruitment of him was prompted by his leadership skills and his ability to help the guerillas rather than his membership in a protected group. *See generally INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (holding that forced recruitment by guerillas is not persecution on a protected ground). His attorney-prepared appellate brief also does not apply the applicable legal principles to the instant facts or identify any bases upon which the BIA misapplied the law. His conclusional statement that he was persecuted on account of his leadership role in the peasant collective does not constitute an adequate briefing of the relevant issues. Leon-Hernandez thus has abandoned his challenge to the BIA's denial of withholding of removal. *See Soadjede*, 324 F.3d at 833.

Accordingly, Leon-Hernandez's petition for review is DENIED.